# Third District Court of Appeal

## State of Florida

Opinion filed November 23, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2766
Lower Tribunal No. 13-14808
_____

## Frontier Florida LLC, f/k/a Verizon Florida LLC,
Appellant,

vs.

## Florida Power & Light Co.,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, John W. Thornton, Jr., Judge.

Butler Weihmuller Katz Craig and Lewis F. Collins, Jr., Anthony J. Russo and Ezequiel Lugo (Tampa); Wilkinson Barker Knauer and David H. Solomon (Washington, DC) and Philip J. Roselli (Denver, CO), for appellant.

Squire Patton Boggs, Alvin B. Davis and Beatriz E. Jaramillo; Maria J. Moncada (Juno Beach), for appellee.

Before SALTER, EMAS and FERNANDEZ, JJ.

EMAS, J.

Frontier Florida LLC, formerly known as Verizon Florida LLC ("Verizon") the defendant below, appeals from the trial court's entry of summary judgment in favor of Florida Power & Light Company ("FPL"), the plaintiff below, on its complaint for breach of contract. We affirm.

The contract at issue was a Joint Use Agreement which provided for the placement of the parties' facilities on each other's poles. The parties operated under this Agreement since 1975 and, for more than thirty-five years, FPL submitted invoices to Verizon, and Verizon paid the amounts as invoiced. The amounts to be paid by Verizon to FPL were calculated in accordance with the Agreement. At no time did Verizon question the manner in which the invoices were calculated, nor contend that the invoices were contrary to the terms of the Agreement.

In 2012 Verizon stopped paying the invoices submitted by FPL and began paying an amount which represented approximately 25% of the amount invoiced pursuant to the Agreement.

In the action below, Verizon did not contest the validity of the Joint Use Agreement. Instead, Verizon asserted it paid this reduced amount pursuant to an application of a Pole Attachment Order issued by the Federal Communications Commission in 2011. However, that FCC Order did not make any determination of the rate that Verizon should pay pursuant to the Agreement, but rather provided

Verizon (and other entities) the ability to file a complaint with the FCC should that entity contend that the rate it was paying was not "just and reasonable."[1]

Verizon's unilaterally-reduced payment was rejected by FPL, and such amount or rate has never been determined by the FCC to be "just and reasonable."[2] FP&L filed the instant breach of contract action to collect the underpayments it alleged were withheld by Verizon in breach of the Agreement.

Following discovery, FPL filed its motion for summary judgment and, following a hearing, the trial court entered summary judgment for FPL and awarded damages of nearly $2.6 million plus prejudgment interest. Upon our de novo review, we conclude that the trial court properly determined that there were no material facts in dispute; that the Agreement under which the parties had operated for more than thirty-five years was a valid contract; that FPL had complied with the material terms of the Agreement; that Verizon failed and refused to make the required payments invoiced by FPL pursuant to the Agreement; and that Verizon's actions constituted a breach of its obligations under the Agreement, resulting in damages as set forth in the final judgment.

Affirmed.

---

[1] Verizon did subsequently file a complaint with the FCC; however the FCC determined that the rate which Verizon unilaterally established was not supported by the Pole Attachment Order.

[2] Because it is not necessary to our determination, we do not reach the question of whether the rate Verizon was contractually obligated to pay was "just and reasonable."

3